FILED - KZ
October 9, 2026 10:42 AM
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
_ems_ Scanned by ES 10/9

1:26-cv-2901
Phillip J. Green
U.S. Magistrate Judge

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSIAH DAVID DERMONT KOSACHUK,
Petitioner,
By Next Friend Mark Forrester,

CASE NO. ____________________

v.

Judge: ______________________

BRANCH COUNTY SHERIFF,
Respondent.
_____________________________________________/

PETITION FOR A WRIT OF HABEAS CORPUS
UNDER 28 U.S.C. § 2241

Petitioner, Josiah David Dermont Kosachuk, by Next Friend Mark Forrester, respectfully petitions this Honorable Court for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 to vacate unlawful pre-trial state custody, void invalid state bench warrants, and dismiss the underlying felony charges in Branch County Circuit Court Case No. 2025-0000104370-FH for total lack of subject-matter jurisdiction and severe due process deprivations.

I. JURISDICTION AND VENUE

1. This Court has subject-matter jurisdiction over this petition pursuant to 28 U.S.C. § 2241(c)(3), as Petitioner is currently in pre-trial custody/restraint under color of state authority in violation of the Constitution and laws of the United States.
2. Venue is proper in the Western District of Michigan pursuant to 28 U.S.C. §2241(b)(1) because the underlying state criminal proceedings and detention orders originated in Branch County, Michigan, within this judicial district.

II. NEXT FRIEND STANDING (28 U.S.C. § 2242)

3. Pursuant to 28 U.S.C. § 2242, an application for a writ of habeas corpus may be signed and filed by a "Next Friend" acting on behalf of the person in custody.
4. Next Friend Mark Forrester brings this action on behalf of Petitioner Josiah David Dermont Kosachuk because Petitioner is currently physically incarcerated in the Branch County Jail with limited access to legal materials, writing supplies, and external electronic filing systems. Next Friend is dedicated to

Petitioner's best interests and asserts no conflicting interests.

## III. EXHAUSTION OF STATE REMEDIES AND FUTILITY

5. While 28 U.S.C. § 2241 does not contain an explicit statutory exhaustion requirement, federal courts apply a judge-made exhaustion doctrine. However, exhaustion is excused where state court remedies are ineffective, futile, or where extraordinary circumstances exist.
6. Exhaustion of state court remedies is legally excused as futile because:
   a. The state circuit court has been operating without lawful subject-matter jurisdiction due to the absence of a State Court Administrative Office (SCAO) Judicial Assignment Order under MCL 600.225.
   b. Petitioner's fundamental Sixth Amendment right to self-representation under Faretta v. California, 422 U.S. 806 (1975), asserted as early as January 26, 2026, has been repeatedly ignored and delayed for over three months.
   c. On March 6, 2026, Probate Judge Kirk A. Kashian entered ex parte orders referring Petitioner for a forensic competency evaluation under MCL 330.2026, effectively suspending all state proceedings indefinitely and blocking access to state appellate review.
   d. The state court's entry of ex parte competency evaluation orders under MCL 330.2026 on March 6, 2026, indefinitely froze the trial court docket, rendering all state court motion practice and interlocutory appeals futile and unavailable to Petitioner.
   e. Under established Michigan law, exhaustion of formal administrative or procedural channels is excused where the enforcement mechanism itself renders such pursuit futile. See West Bloomfield Twp. v. Karchon, 209 Mich. App. 43, 48 (1995).

## IV. STATEMENT OF FACTS

7. On September 20, 2025, Sergeant Paulino Hernandez of the Branch County Sheriff's Office initiated a traffic stop on Petitioner's passenger vehicle.
8. Sergeant Hernandez testified under oath at the preliminary examination on October 23, 2025, that the sole initial basis for the stop was a LEIN display showing that the license plate belonged to a Subaru Legacy rather than a Subaru Outback.
9. Sergeant Hernandez admitted on cross-examination that the VIN number matched, the license plate was 100% valid, and the model discrepancy was purely a clerical administrative error by the Michigan Secretary of State.
10. Presiding District Judge Brent R. Weigle explicitly acknowledged on the record that the State made a clerical error and questioned whether law enforcement could legally rely on a government mistake to justify a seizure.
11. Sergeant Hernandez further admitted under oath that prior to physically

seizing Petitioner, extracting him from the vehicle, and placing him in handcuffs, he NEVER informed Petitioner that an active arrest warrant existed out of Grand Rapids.

12. Despite acknowledging that Petitioner was never notified of a warrant and was acting under the belief he was being seized for an administrative plate error, Judge Weigle bound the case over to Circuit Court on one count of Resisting and Obstructing (MCL 750.81d).
13. On January 26, 2026, Petitioner formally served notice on court-appointed counsel terminating representation and asserting his right to proceed pro se.
14. On January 27, 2026, Public Defender Matthew L. Glaser filed a Motion to Allow Defendant to Represent Himself pursuant to Faretta v. California, 422 U.S. 806 (1975).
15. Rather than holding a prompt Faretta hearing, the court repeatedly re-noticed the hearing (February 13, February 20, and March 6, 2026).
16. On March 6, 2026, Probate Judge Kirk A. Kashian entered an Order for Competency Examination (MCL 330.2026) and Order for Criminal Responsibility Evaluation (MCL 768.20a), stalling the proceedings.
17. On April 27, 2026, Prosecutor-turned-Judge Zachary W. Stempien filed a SCAO Form MC 264 disqualifying himself from Case No. 2025-0000104370-FH.
18. Rather than transmitting a Request for Assignment to the State Court Administrative Office (SCAO) pursuant to MCR 2.003(D)(4), the court executed an "Internal Reassignment Request" transferring the felony circuit case to Probate Judge Kirk A. Kashian.
19. No Judicial Assignment Order was ever issued or filed by SCAO under MCL 600.225 authorizing either District Judge Brent Weigle or Probate Judge Kirk A. Kashian to exercise general felony trial jurisdiction in the 15th Circuit Court.
20. Subsequent to the local reassignment, Judge Kashian issued Orders to Show Cause, revoked bond, and issued bench warrants holding Petitioner in custody.

## V. GROUNDS FOR HABEAS RELIEF

GROUND ONE: VOID JUDICIAL AUTHORITY & VIOLATION OF SEPARATION OF POWERS
(U.S. Const. Amend. XIV; Mich. Const. Art. VI, §§ 1, 15)

21. Petitioner incorporates paragraphs 1 through 20 as if fully set forth herein.
22. Article VI, § 1 of the Michigan Constitution establishes the Circuit Court as the sole trial court of general jurisdiction. Probate courts are constitutional courts of limited jurisdiction and District courts are statutory courts of limited jurisdiction.
23. Under MCL 600.225 and MCR 8.111, a probate judge or district judge cannot preside over circuit court felony trial proceedings or issue binding circuit detention orders without a specific, certified Judicial Assignment Order

issued by the State Court Administrator (SCAO).

24. The state court record confirms the absence of any SCAO Assignment Order under MCL 600.225. The transfer to Probate Judge Kashian was executed purely via an internal local form (MC 264).
25. Because Judge Kashian acted without constitutional and statutory assignment, all orders issued by him—including competency orders, bond forfeitures, and bench warrants—are void ab initio for complete lack of subject-matter jurisdiction, depriving Petitioner of liberty without due process of law.

GROUND TWO: DENIAL OF THE SIXTH AMENDMENT RIGHT TO SELF-REPRESENTATION
(U.S. Const. Amends. VI, XIV; Faretta v. California)

26. Petitioner incorporates paragraphs 1 through 20 as if fully set forth herein.
27. Under the Sixth and Fourteenth Amendments, an accused has an absolute constitutional right to conduct his own defense when he voluntarily, knowingly, and intelligently elects to do so. Faretta v. California, 422 U.S. 806 (1975).
28. Petitioner unequivocally asserted his right to self-representation on January 26, 2026, and counsel filed a formal motion on January 27, 2026.
29. The state court violated Petitioner's Sixth Amendment rights by failing to conduct a prompt Faretta hearing for over three months, instead using competency evaluations to indefinitely suspend proceedings and force unwanted counsel upon Petitioner.

GROUND THREE: UNLAWFUL SEIZURE LACKING REASONABLE SUSPICION OR PROBABLE CAUSE
(U.S. Const. Amends. IV, XIV; Whiteley v. Warden)

30. Petitioner incorporates paragraphs 1 through 20 as if fully set forth herein.
31. Under the Fourth Amendment, a traffic stop requires reasonable, articulable suspicion that a violation of law has occurred. Terry v. Ohio, 392 U.S. 1 (1968).
32. Under Whiteley v. Warden, 401 U.S. 560 (1971), law enforcement cannot establish probable cause or reasonable suspicion based on erroneous government data or state clerical mistakes.
33. Because the initial stop was predicated entirely on a Secretary of State clerical error, the seizure was unconstitutional at its inception, and all subsequent police commands and charges arising therefrom are fruit of the poisonous tree.

GROUND FOUR: UNLAWFUL ARREST FOR RESISTING/OBSTRUCTING WITHOUT NOTICE OF LAWFUL AUTHORITY
(U.S. Const. Amend. XIV; People v. Moreno)

34. Petitioner incorporates paragraphs 1 through 20 as if fully set forth herein.
35. Under People v. Moreno, 491 Mich. 38 (2012), a citizen retains the

common-law right to resist an unlawful arrest or unlawful police conduct.

36. The sworn transcript confirms officers never informed Petitioner of an active arrest warrant prior to applying physical force. Seizing Petitioner without disclosing lawful authority deprived him of due process notice and invalidates the charge of Resisting and Obstructing under MCL 750.81d.

GROUND FIVE: UNLAWFUL ARREST WARRANT ISSUED WITHOUT A SWORN AFFIDAVIT OR PERSONAL KNOWLEDGE
(U.S. Const. Amends. IV, XIV; Mich. Const. Art. I, § 11; Giordenello v. United States)

37. Petitioner incorporates paragraphs 1 through 20 as if fully set forth herein.
38. Under the Fourth Amendment and Mich. Const. Art. I, § 11, no arrest warrant shall issue but upon probable cause, supported by oath or affirmation, particularly describing the person to be seized.
39. The arrest warrant issued in this cause was predicated on a conclusory, bare-bones complaint executed by a non-eyewitness complaining officer who lacked personal knowledge of the alleged underlying facts.
40. Under Giordenello v. United States, 357 U.S. 480 (1958) and Whiteley v. Warden, 401 U.S. 560 (1971), a complaint signed on "information and belief" without a contemporaneous sworn factual affidavit establishing personal knowledge or verified sources of information cannot support a lawful arrest warrant.
41. Because the underlying warrant lacked a sworn factual affidavit meeting Fourth Amendment standards, the warrant is constitutionally void, and Petitioner's resulting detention is unlawful.

VI. PRAYER FOR RELIEF

WHEREFORE, Petitioner respectfully prays that this Honorable Court:

A. Issue a Writ of Habeas Corpus directing Respondent to immediately release Petitioner from physical or constructive custody and discharge all pending bond obligations;
B. Declare all orders, warrants, and bindovers entered in Branch County Circuit Court Case No. 2025-0000104370-FH void ab initio for total lack of subject-matter jurisdiction;
C. Issue an injunction prohibiting further state prosecution in this matter absent verified constitutional jurisdiction; and
D. Grant such other and further relief as justice and equity may require.

VERIFICATION DECLARATION

I declare under penalty of perjury under the laws of the United States of America pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct, and that I execute this Petition as Next Friend on behalf of Petitioner Josiah David Dermont Kosachuk due to his current physical detention.

Executed on: oct/9, 2026

MARK FORRESTER, Next Friend for
JOSIAH DAVID DERMONT KOSACHUK
Petitioner, Propria Persona
904 Park St SW
Grand Rapids, MI 49504

Mark forrester
6012 Taggart Road 211
Burroak, Michigan [49030]
Non-Domestic mail stop Post office